```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES OTIS KELLEY,

                    Plaintiff,

        -against-                        MEMORANDUM & ORDER
                                         06-CV-3276 (JS)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
----------------------------------X
APPEARANCES:

For Plaintiff:      James Otis Kelley, Pro Se
                    P.O. Box 659
                    Southampton, NY 11969

For Defendant:      Vincent Lipari, Esq.
                    United States Attorneys Office
                    Eastern District of New York
                    610 Federal Plaza, 5th Floor
                    Central Islip, NY 11722-4454
```

SEYBERT, District Judge:

Presently before this Court is the Amended Complaint of pro se Plaintiff James Otis Kelly ("Plaintiff"). Plaintiff submits his Amended Complaint pursuant to this Court's April 22, 2008 dismissal of his claim without prejudice. For the reasons discussed herein, Plaintiff's Amended Complaint is DISMISSED with prejudice.

## BACKGROUND

Plaintiff filed a claim seeking assistance with his Medicare Prescription Drug Plan costs. The Social Security Administration denied Plaintiff's request on December 6, 2005 because Plaintiff's resources were determined to be above the limit

prescribed by law.  On March 22, 2006, Plaintiff appealed the denial arguing that he did not have excessive resources.  On June 28, 2006, the Social Security Administration granted Plaintiff's appeal, and found that Plaintiff was, in fact, eligible for assistance with his medicare benefits.

On July 6, 2006, Plaintiff filed a Complaint against the Commissioner of Social Security ("Defendant") alleging that he had not received certain unidentified resources and had not received "enforcement of recovery process."  On January 30, 2008, Defendant moved to dismiss the action for failure to state a claim.  This Court granted Defendant's motion to dismiss on April 22, 2008 and gave Plaintiff until May 26, 2008 to file an Amended Complaint.  In its order, this Court stated that Plaintiff had not alleged any facts indicating that Defendant caused Plaintiff's hardships by violating a legally-recognized right.  On May 5, 2008, Plaintiff filed the present Amended Complaint.

## STANDARD OF REVIEW

In Bell Atl. Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court disavowed the half-century old standard set forth in Conley v. Gibson that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.

Ed. 2d 80 (1957), (overruled by <u>Bell Atl. Corp.</u>, 127 S. Ct. 1955 (2007)). Holding that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," the Supreme Court expressly rejected the standard in favor of a requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." <u>Bell Atl. Corp.</u>, 127 S. Ct. at 1969, 1974. The Court explained that the complaint "must be enough to raise a right to relief above the speculative level." <u>Id</u>. at 1965.

To be clear, <u>Bell Atlantic</u> does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." <u>Id</u>. at 1974. The Second Circuit has interpreted <u>Bell Atlantic</u> to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007).

In applying this new standard, district courts must still accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See <u>Cleveland v. Caplaw Enter.</u>, 448 F.3d 518, 521 (2d Cir. 2006); <u>Nechis v. Oxford Health Plans, Inc.</u>, 421 F.3d 96, 100 (2d Cir. 2005).

The Court recognizes that <u>pro se</u> plaintiffs are entitled

to a more liberal pleading standard. Nonetheless, pro se plaintiffs must still comport with the procedural and substantive rules of law. See Colo. Capital v. Owens, 03-CV-1126, 2005 U.S. Dist. LEXIS 5219, at *9 (E.D.N.Y. Mar. 16, 2005). Dismissal is appropriate when a pro se plaintiff fails to sufficiently state any of the claims raised in an amended complaint, even under the most liberal reading of the pleadings. See Tilley v. ADM Sec. Investigations, 2008 WL 795313 (E.D.N.Y. Mar. 24, 2008).

## DISCUSSION

Like Plaintiff's original Complaint, Plaintiff's Amended Complaint does not allege any facts relating to the denial of Social Security benefits. Rather, Plaintiff was successful in his underlying Social Security claim, and received a letter stating that Plaintiff was eligible for assistance.

Plaintiff's current Amended Complaint does not allege that Defendant violated a law or deprived Plaintiff of a constitutional right. Rather the Amended Complaint refers to "Plaintiff's personal law library, personal document's [sic] as filed, personal effect's etc. [sic], is within the custody of the Defendant's since 1974-75" and refers to such things as "informal harassment's adversely performed by hired flunkies - see Southampton Hospital report's of April 28, 2008, of poison oil put on plaintiff while asleep at veterans place. . ." (Amended Complaint at 2, 8.).

4

The Amended Complaint also names the following additional defendants: Budget Truck Rental, Kings Park-Mini Storage, Shurgard Storage CTR, Ryder Transportation, Department of Treasure-Tax Fraud Unit, Crimes Task Force, Internal Revenue Service, Tax Advocate Service, Caf-Unit, Southampton City and Village Police and Internal Affairs, David Baldwin, Wachovia Insurance Services. However, the Complaint does not allege any specific claims against any of the Defendants, and it is unclear what law or constitutional right Plaintiff believes was violated by the additional Defendants.

Even after reading the pro se Amended Complaint liberally, the Court cannot discern any actual claims alleged against Defendants. Plaintiff indicates that he is entitled to relief because he has been living in a storage unit, but has not alleged any facts indicating that Defendant caused Plaintiff's hardships by violating a legally-recognized right. The Amended Complaint is void of any actual allegations against Defendants, and must be dismissed for failure to state a claim. See Vitola v. City of New York, No. 07-CV-3678, 2007 U.S. Dist. LEXIS 71067, at *9 (E.D.N.Y. Sept. 25, 2007) (finding that plaintiff's "extremely sparse and vague" complaint failed to state a claim); Clark v. County of Nassau, 06-CV-0841, 2007 U.S. Dist. LEXIS 48643, at *6 (E.D.N.Y. July 5, 2007) ("Thus, because plaintiffs' most recent submission fails to cure any of the defects in plaintiffs' original

5

complaint and, as such, does not provide fair notice of the basis for plaintiffs' claims, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), the Court finds that plaintiff has failed, for a second time, to successfully amend their pleadings in this action.").

The Court recognizes that a pro se Complaint should not be dismissed without affording the pro se Plaintiff an opportunity to file an Amended Complaint. However, in this case, Plaintiff has already received an opportunity to correct his Complaint, and his Amended Complaint still fails to state a claim against the Defendants. The Complaint remains unintelligible, and the Court finds that Plaintiff has failed to demonstrate that a further amendment would result in legally-cognizable claims. Accordingly, the Court dismisses Plaintiff's Complaint with prejudice. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. N.Y. 1988) (acknowledging that district courts have the "power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. N.Y. 1972) (upholding dismissal with prejudice of amended complaint that contained an "abyrinthian prolixity of unrelated and vituperative charges that defied comprehension.").

CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED, and Plaintiff's Amended Complaint is dismissed with prejudice. The Clerk of Court is directed to enter judgment in favor of Defendant, dismissing this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purposes of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

To the extent that Plaintiff's Amended Complaint (also entitled Order to Show Cause for Preliminary Injunction and Temporary Restraining Order) can be construed as an Order to Show Cause and/or a Temporary Restraining Order, they are DISMISSED as moot.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   June 6, 2008
         Central Islip, New York

7